# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY CROLEY, | ) |
| Plaintiff, | ) No. 2:23-cv-177 |
| v. | ) |
| JEWISH RESIDENTIAL SERVICES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

On April 17, 2025, the Court issued an opinion, granting partial summary judgment in this case in favor of Defendant JRS on the CHRIA claim. ECF 63. The Court concluded that Ms. Croley's CHRIA claim failed because Ms. Croley didn't show where the CastleBranch background report and Butler Eagle newspaper obtained information relating to her past summary offenses, and because expunged summary offenses aren't protected by Section 9125 of CHRIA.

After the Court issued its decision, Ms. Croley moved for reconsideration, arguing that the Court committed clear errors of law and also requesting a stay pending the Third Circuit's decision in *Phath v. Cent. Trans. LLC*, No. 24-0681, 2024 WL 5204175 (E.D. Pa. Dec. 23, 2024), *appeal docketed*, No. 25-1028 (3d Cir. Jan. 11, 2025). For the following reasons, the Court denies the motion.

## DISCUSSION AND ANALYSIS

A motion for reconsideration must rely on at least one of these grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). These motions "should

be granted sparingly." *Williams v. Pa. Dep't of Corr.*, No. 20-794, 2023 WL 5529992, at \*2 (W.D. Pa. Aug. 28, 2023) (Baxter, J.) (cleaned up).

While Ms. Croley's motion expressly "focuses on the third ground[,]" ECF 67, p. 2, it does at least implicitly touch on all three grounds. So the Court will address Ms. Croley's arguments through the lens of all three possible bases of reconsideration.

## I. There are no clear errors of law or intervening changes in the law.

### A. *Guzzo v. Allen Distrib.*, 479 F. Supp. 3d 91 (M.D. Pa. Aug. 13, 2020) doesn't impact the Court's opinion.

The Court begins with the heart of Ms. Croley's motion—that in resolving the CHRIA claim, the Court should have followed *Guzzo v. Allen Distribution*, 479 F. Supp. 3d 91 (M.D. Pa. Aug. 13, 2020), and not *Azadpour v. AMCS Grp., Inc.*, No. 19-1968, 2020 WL 564755 (E.D. Pa. Feb. 5, 2020). The Court finds that this argument doesn't support reconsideration, for at least two reasons.

First, *Guzzo* is not intervening law; it was decided and raised by the parties as part of their summary-judgment briefs, and, in fact, cited by the Court in its decision at one point. So there's no reason for the Court to reconsider based on some type of new legal development that occurred after the Court's decision. *See, e.g., Cirba Inc. v. VMware, Inc.*, No. 19-742, 2023 WL 2428716, at \*3 (D. Del. Mar. 9, 2023) (finding that pre-existing decisions and also decisions of other district courts are not "intervening controlling authority" to warrant reconsideration).

Second, Ms. Croley argues that the Court should have relied upon *Guzzo's* reading of CHRIA, as opposed to *Azadpour's*. To be clear, the Court didn't really rely on either. As is apparent from the opinion, the Court cited *Azadpour* at one point, but only because it was consistent with the Court's reading of the statute. And the Court, respectfully, does not find *Guzzo* to be a correct reading of the statute here. Ms. Croley seems to argue that the Court must follow *Guzzo* because it is a "published federal decision[.]" ECF 67, pp. 1, 3-4, 6. But "the distinction between 'published'

and 'unpublished' federal district court decisions is meaningless." *Cont'l W. Ins. Co. v. Costco Wholesale Corp.*, No. 10-1987, 2011 WL 3583226, at *3 (W.D. Wash. Aug. 15, 2011); *see also Shannon v. Pleasant Valley Cmty. Living Arrangements, Inc.*, 82 F. Supp. 2d 426, 430 n.8 (W.D. Pa. 2000) (Smith, J.) ("It is well-settled that a district court opinion, even when published, has no precedential value when it is affirmed without a published opinion by the court of appeals.").

Thus, the Court finds that reconsideration based on the *Guzzo* decision is not warranted.

**B.     The Court correctly applied Section 9104.**

Ms. Croley next argues that the Court's consideration of Section 9104 was erroneous; that the Court "improperly conflated public access [under Section 9104] and employer use restrictions under Section 9125[.]" ECF 67, p. 3; *see also id.* p. 8. In Ms. Croley's view, Section 9104 "addresses only how criminal justice agencies may disseminate or make public [dockets and similar public] records," but not how "employers may use that information once it is in their possession." *Id.* p. 8.

Ms. Croley's argument is at odds with CHRIA's text. Section 9104 subsection (d) governs disclosure by criminal justice agencies. 18 Pa. C.S. § 9104(d). But that is only one of five subsections in Section 9104, and there isn't anything to suggest that the other subsections are so limited. In fact, subsection (a), the "[g]eneral rule[,]" provides that "nothing in this chapter" applies to the listed sources of information. *Id.* § 9104(a). The "chapter" referred to is Chapter 91, *i.e.*, CHRIA, *id.* § 9101, the same chapter containing Section 9125's restrictions on an employer's use of criminal history record information.

The Court thus disagrees with Ms. Croley that it erred (let alone clearly erred) in how it interpreted Section 9104.

### C. Public policy doesn't mandate a different result.

Ms. Croley also argues that the Court's holding violates the public policy underlying CHRIA. ECF 67, pp. 12-13.

But the Court is constrained to interpret and apply CHRIA's plain language. *See Martin v. SIMOS*, No. 17-589, 2017 WL 2346131, at *4 (M.D. Pa. May 30, 2017) (rejecting "compelling" public policy argument that CHRIA applies to both hiring and termination decisions because such a holding was inconsistent with CHRIA's text).

The power to rectify CHRIA's purported shortcomings lies with the Pennsylvania General Assembly, not with a federal district court. *See, e.g.*, *Jones v. GEICO Choice Ins. Co.*, 617 F. Supp. 3d 275, 285 (E.D. Pa. 2022) ("[T]he Court cannot and should not interpose its views on public policy for those of the legislature because the Court's role is to interpret statutes, not re-write them." (quoting *DiGirolamo v. Apanavage*, 312 A.2d 382, 385 (Pa. 1973) (cleaned up)), *aff'd sub nom. Berardi v. USAA Gen. Indem. Co.*, No. 22-2231, 2023 WL 4418219 (3d Cir. July 10, 2023).

So the Court will not reconsider its summary-judgment opinion based on public-policy considerations, either.

## II. There is no new information.

In her final reconsideration argument, Ms. Croley contends that reconsideration is proper because she has a "newly material document that directly addresses" the source of the CastleBranch report's information. ECF 67, p. 13. She argues that this "Criminal Sourcing Map," ECF 67-2, "identifies the Magisterial District Courts and Courts of Common Pleas as sources of the data relied upon in Plaintiff's background report[,]" thereby "rebut[ting] the Court's assumption that the CastleBranch report was based merely on publicly accessible or otherwise exempt information." ECF 67, p. 15.

Ms. Croley admits that this is not a newly discovered document, and so it is an inappropriate basis for a motion for reconsideration. *See Blystone v. Horn*, 664 F.3d

397, 415-16 (3d Cir. 2011) ("'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling . . . [but] evidence that a party could not earlier submit to the court because that evidence was not previously available." (cleaned up)).

In any event, as JRS notes in its response, Ms. Croley seems to be confusing the issues. If the information relayed in the CastleBranch report was sourced from courts or court dockets—the inference Ms. Croley says the Court should be making from this document—then that information isn't criminal history record information, and so JRS was free to consider it without running afoul of CHRIA. *See* 18 Pa. C.S. §§ 9104(a)(2), (b). The Court made this very point in its summary-judgment opinion. ECF 63, p. 5.[1]

Accordingly, the Court denies Ms. Croley's motion for reconsideration on this basis, as well.

### III.  A stay isn't warranted.

Lastly, Ms. Croley argues that the Court should stay this case pending the Third Circuit's decision in *Phath v. Cent. Transp. LLC*, No. 24-0681, 2024 WL

---

[1] Even if Ms. Croley is suggesting that the proper inference from the "Criminal Sourcing Map" is that the CastleBranch report's information came from some non-exempt source, that would not create a dispute of material fact; it would be entirely speculative to conclude from the document's description of potential sources that CastleBranch's information came from protected sources like criminal files and records.

As the plaintiff, Ms. Croley has the burden to prove the elements of her CHRIA claim, including the threshold requirement that the information be part of a criminal history record information file. At the summary-judgment stage, that means that Ms. Croley—even as the non-movant, and even though the Court views the facts and draws all reasonable inferences in her favor—"must present more than a mere scintilla of evidence" in support of her claim. *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). The "[s]peculation and conjecture" Ms. Croley offers isn't enough. *Wharton v. Danberg*, 854 F.3d 234, 244 (3d Cir. 2017).

5204175 (E.D. Pa. Dec. 23, 2024), *appeal docketed*, No. 25-1028 (3d Cir. Jan. 11, 2025). The Court disagrees.

Staying one federal case to wait for the resolution of another "is an extraordinary measure. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Migyanko v. Dunham's Athleisure Corp.*, No. 19-514, 2021 WL 3619683, at *1 (W.D. Pa. Aug. 16, 2021) (Hardy, J.) (cleaned up) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "Factors to be weighed may include: (1) the plaintiff's interests and the potential prejudice to the plaintiff of a delay; (2) the prejudice to the defendant; (3) the interest of the Court; (4) the interest of third parties; and (5) the interest of the public." *Id.* n.2.[2] Other factors include the duration of the stay, and judicial economy. *See, e.g.*, *Byrd v. Saul*, No. 18-05248, 2019 WL 3495491, at *1 n.1 (E.D. Pa. Aug. 1, 2019) (collecting cases discussing factors).

No factor weighs in favor of a stay. Denial would not prejudice Ms. Croley because she already had a chance to brief the Court on the existing state of the law, the Court already decided the outcome on that briefing, and the Court is rejecting her request for reconsideration of the same. Conversely, denial would prejudice JRS, who will be stuck waiting an unknown time for an opinion that may or may not actually be relevant to the case here (more on that below). The Court and the public similarly "share this interest in proceeding expeditiously"—particularly since the CHRIA claim is already decided. *Migyanko*, 2021 WL 3619683, at *1.

Even more fundamentally, though, is the fact that *Phath* involves a different factual scenario, where an employee himself disclosed to the employer his criminal background. So, while the district court in *Phath* engaged with the language of CHRIA, including Section 9104, it's possible that the Third Circuit could resolve that

---

[2] This is a slightly different standard than that cited by the parties in the briefing, which is the standard for a stay pending appeal in the same case.

appeal more narrowly, in a way that would not be controlling or even helpful here. Were that the case, a stay would result in the parties waiting an indeterminate amount of time for no reason at all.

The Court therefore denies Ms. Croley's request for a stay pending the appeal in *Phath*.

\* \* \*

For the above reasons, the Court **DENIES** Ms. Croley's motion for reconsideration (ECF 67) and her request in that motion to stay the case pending the Third Circuit's opinion in *Phath v. Cent. Transp. LLC*, No. 24-0681, 2024 WL 5204175 (E.D. Pa. Dec. 23, 2024), *appeal docketed*, No. 25-1028 (3d Cir. Jan. 11, 2025).

Date: June 6, 2025                                              BY THE COURT:

                                                                  /s/ J. Nicholas Ranjan
                                                                  United States District Judge

appeal more narrowly, in a way that would not be controlling or even helpful here. Were that the case, a stay would result in the parties waiting an indeterminate amount of time for no reason at all.

The Court therefore denies Ms. Croley's request for a stay pending the appeal in *Phath*.

\* \* \*

For the above reasons, the Court **DENIES** Ms. Croley's motion for reconsideration (ECF 67) and her request in that motion to stay the case pending the Third Circuit's opinion in *Phath v. Cent. Transp. LLC*, No. 24-0681, 2024 WL 5204175 (E.D. Pa. Dec. 23, 2024), *appeal docketed*, No. 25-1028 (3d Cir. Jan. 11, 2025).

Date: June 6, 2025                               BY THE COURT:

                                                 /s/ J. Nicholas Ranjan
                                                 United States District Judge